UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62399-BLOOM/Valle

INTERMEDIX CORPORATION,

    Plaintiff,

v.

URGENT CARE OF MOUNTAIN
VIEW PLLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Defendant filed a notice of removal on September 26, 2019, ECF No. [1] ("Notice"), removing this case from state court based on this Court's diversity jurisdiction. On September 27, 2019, the Court entered an order requiring Defendant to file an amended notice of removal setting forth the citizenship of the members of Defendant because it was not apparent from the Notice that there was complete diversity of citizenship in this case. ECF No. [5] ("Order"). In the Order, the Court required that the amended notice be filed by September 30, 2019, and cautioned Defendant that the failure to comply would result in remand. *Id*. When Defendant failed to timely comply, the Court entered an order remanding this case to state court for lack of subject matter jurisdiction on October 1, 2019. *See* ECF No. [6] ("Remand Order").[1]

On October 2, 2019, Defendant attempted to comply with the Court's Order and filed an amended notice of removal setting forth the citizenships of Defendant's members and establishing

---

[1] Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

complete diversity. ECF No. [9] ("Amended Notice"). In the Amended Notice, Defendant also asserts that the Court's Order was sent to its counsel via U.S. Mail and was not received until the afternoon of October 1, 2019, and therefore, that Defendant was unaware of the Order. As a result, Defendant requests that the Court retain this case. However, the Court may not.

Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."[2] In essence, Defendant's request would require that the Court revisit its Remand Order, which it has no power to do. This is because "[u]nquestionably, § 1447(d) not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011) (quoting *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992)). Because this case was remanded for lack of subject matter jurisdiction based on § 1447(c), the Court does not have jurisdiction to revisit the Remand Order as Defendant effectively requests, even if the remand was in error. *Bender*, 657 F.3d at 1203; *see also Wachovia Mortg. FSB v. Marquez*, 520 F. App'x 783, 785 (11th Cir. 2013) ("Section 1447(d)'s limitation on review applies whether or not the remand order was erroneous."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999) ("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case.").

The Court notes that while counsel provided email addresses in the notice of limited appearance, ECF No. [3], the Court's electronic notification system functions based upon information entered by counsel associated with counsel's CM/ECF account, and not based upon specific docket entries in any given case. Per CM/ECF Administrative Procedures and Local Rule, counsel practicing before this Court must maintain their contact information current in CM/ECF.

---

[2] Section 1447(d) contains two exceptions allowing review of remand orders in certain civil rights actions and in cases against federal officers or agencies. Neither exception is relevant here.

*See* CM/ECF Administrative Procedures 3D; S.D. Fla. L.R. 11.1(g). CM/ECF provides almost instantaneous notices of electronic filing via electronic mail, assuming counsel provides an email address in association with his or her CM/ECF account, and not simply in a filing on the docket.[3] In any event, "[i]t is counsels' responsibility to regularly review the docket in all matters pending before the Court for which an appearance has been filed." Administrative Order 2005-38.

Accordingly, this case shall remain closed as remand has divested this Court of jurisdiction, and Defendant's Motion to Reopen, **ECF No. [12]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 4, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[3] If there is no email address associated with an attorney's CM/ECF account, the attorney will not receive any notices of electronic filing.